400 F.3d 1117
 UNITED STATES of America, Plaintiff, and
Pyramid Lake Paiute Tribe of Indians, Petitioner-Appellant,
v.
ORR WATER DITCH COMPANY, Defendant, and
Churchill County; Truckee-Carson Irrigation District; City of Fallon; City Of Fernley; Truckee Meadows Water Authority; Nevada State Engineer, Respondents-Appellees.
United States of America, Plaintiff-Appellant, and
Pyramid Lake Paiute Tribe of Indians, Petitioner,
v.
Orr Water Ditch Company, Defendant-Appellee, and
Churchill County; Truckee-Carson Irrigation District; City of Fallon; City of Fernley; Truckee Meadows Water Authority; Nevada State Engineer, Respondents-Appellees.
 No. 03-16654.
 No. 03-16941.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 24, 2004.
 Submission Withdrawn July 13, 2004.
 Resubmitted December 7, 2004.
 Filed December 14, 2004.
 Amended March 1, 2005.
 
 Robert S. Pelcyger, Fredericks, Pelcyger & Hester, Louisville, CO, for the petitioner-appellant.
 Richard G. Campbell, Senn Palumbo Meulemans, Reno, NV; Michael J. Van Zandt, McQuaid, Bedford & Van Zandt, San Francisco, CA; Michael F. Mackedon, Mackedon & McCormick, Fallon, NV; Rebecca Ann Harold, Fernley, NV; Gordon H. DePaoli, Woodburn and Wedge, Reno, NV; Michael L. Wolz, Office of Nevada Attorney General, Carson City, NV, for the respondents-appellees.
 Appeal from the United States District Court for the District of Nevada; Lloyd D. George, District Judge, Presiding. D.C. Nos. CV-73-00003-LDG A-3-LDG.
 Before SCHROEDER, Chief Judge, HAWKINS, and W. FLETCHER, Circuit Judges.
 
 ORDER
 
 1
 This court's opinion, filed December 14, 2004, slip op. 16855, is hereby amended as follows:
 
 
 2
 At slip. op. 16864, in the second paragraph of subsection C, change "We have consistently held that state law governs applications to change the use of water rights under the Orr Ditch Decree." to "We have consistently applied state law to applications to change the use of water rights under the Orr Ditch Decree." In the third sentence of the same paragraph, change "In reaching this conclusion, we have been guided by the policies underlying the 1902 Reclamation Act, which the Supreme Court has construed to require that `state water law ... control in the appropriation and later distribution of the water.'" to "In doing so, we have been guided by the policies underlying the 1902 Reclamation Act, which the Supreme Court has construed to require that `state water law ... control in the appropriation and later distribution of the water.'" With the opinion as amended, the panel has voted to deny the petition for rehearing.
 
 
 3
 The petition for rehearing, filed January 28, 2005, is DENIED. No subsequent petitions for rehearing or rehearing en banc may be filed.